Copy mailed to ~~attorneys for~~ pltf.
parties by the Court pursuant
to Rule 77 (d) Federal Rules of
Civil Procedures.



U.S. DIST. COURT EAST DIST. WISC.
✓ FILED

APR 1 0 2006

AT_____ O'CLOCK_____M
SOFRON B. NEDILSKY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN OSWALD,

    Plaintiff,

v.                              Case No. 06-C-362

THE BLOOD CENTER OF WISCONSIN,

    Defendant.

---

### ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS, REQUIRING PLAINTIFF TO PAY FILING FEE AND DISMISSAL IF FEE IS NOT PAID

---

On March 27, 2006, the plaintiff, John Oswald ("Oswald"), filed this action naming The Blood Center of Wisconsin as the defendant. Along with his complaint, Oswald filed a petition to proceed in forma pauperis (a petition to proceed without prepaying fees and costs).

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In his petition and affidavit for leave to proceed in forma pauperis, Oswald states that he is currently unemployed, but has a monthly income of $980. Oswald states that he is receiving unemployment payments from the Employment Security Commission of North Carolina, although "I currently have only five more weekly payments of $245.00 (after taxes) until my benefits are exhausted." (Aff. at 4.) Oswald states that his only valuable assets are a car worth $100 and an IRA account worth $50. However, Oswald also states that his sole expense is the $40 per month he spends on his cell phone bill. Oswald states that he pays nothing for rent, has no car payments, and has no other expenses. Although this seems unusual, this is the information that Oswald has provided the court in his affidavit to proceed without paying fees and costs. In short, Oswald has not established that he is unable to pay the costs of commencing this action. The initial filing fee for Oswald would be $250 (since this action was filed before April 9, 2006, when fees are set to increase), and Oswald will receive five checks in nearly that amount over the next five weeks, without any expenses to speak of.

Furthermore, even when a plaintiff is unable to pay the initial filing fee, before allowing him or her to proceed without paying costs, the court must determine that the action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Because Oswald is proceeding pro se in this matter, the court has given his complaint a liberal construction. However, even having done so, it cannot be determined whether the action is frivolous or fails to state a claim.

In the complaint, Oswald makes some generalized grievances against the defendant, but he does not explain why, if his assertions are true, he is entitled to relief in this court. Simply stated,

2

the court cannot discern from the complaint under what theory Oswald seeks relief, nor can the court discern any basis for federal jurisdiction.

For all of the foregoing reasons, the court cannot grant Oswald's motion to proceed in forma pauperis. Consequently, Oswald must pay to the clerk of court the $250 required to commence this action.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to proceed in forma pauperis be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that if the plaintiff does not pay the $250 filing fee within 20 days of this order, and if no further motions are pending, the clerk will dismiss this action without prejudice and without any further action by the court.

**SO ORDERED** this 10 day of April 2006, at Milwaukee, Wisconsin.

C. N. Clevert, Jr.
U.S. District Judge